*510
Curia, per

Evans, J.
In Griffin vs. Heaton, (2 Bail. 58,) it was decided that a magistrate’s judgment was not a record, and an action on it was barred by the statute of limitations in four years, but nothing is said as to the time when the statute begins to run. In Lee vs. Giles, (1 Bail. 449,) it was held that execution may issue on a magistrate’s judgment at any time within a year and day, and no action on it can be brought within that time. The principle of this case is, that no action will lie on a judgment which can then be enforced, for the plaintiff already has an enforceable execution, and that is all he would get by his new action. It follows, from this, that the plaintiff had no right of action until after the expiration of the year and day— and the statute does not commence to run until an action lies. The year and day from the date of the judgment did not expire until July, 1846, and this action was brought in December, 1849, only three years and five months from the time the plaintiff could have brought his action, and of course he was not barred. The Act of 1847 extends the period within which a magistrate’s judgment may be enforced to four years; but that Act is prospective, and does not apply to this case. The motion to reverse the magistrate’s judgment is granted.
O’Neall, Frost, Withers and Whitner, JJ., concurred.

Motion granted.